THE HOUSING AUTHORITY OF JOLIET, Plaintiff-Appellant, v. DELORES CHAPMAN, Defendant-Appellee.

Third District    No. 3—00—0619

Opinion filed May 17, 2002.

McDADE, J., specially concurring.

Daniel L. Kennedy (argued), of Kennedy & Kennedy, of Joliet, for appellant.

No brief filed for appellee.

Timothy F. Horning, of Meyer & Horning, P.C., of Rockford, for *amicus curiae.*

JUSTICE BRESLIN delivered the opinion of the court:

Plaintiff Housing Authority of Joliet (Housing Authority) filed this forcible entry and detainer action seeking to eject defendant Delores Chapman from one of its low-income rental units because of a violation of her lease. The trial court found in favor of Delores; the Housing Authority appealed. We reverse and hold that local public housing authorities are given the discretion to terminate the lease of a tenant when a member of the household or guest causes a violation of the lease by engaging in drug-related criminal activity, regardless of whether the tenant knew, or should have known, of the drug-related activity.

The facts in this case are straightforward. In July of 1997, Delores signed a lease with the Housing Authority for a three-bedroom unit. Delores listed herself as head of household on the lease and listed her 10-year-old daughter and 16-year-old son as members of the household. The lease included two addenda, which were signed separately. Section VII of the lease, which is listed on one of the addenda, is entitled *"Obligations and Responsibilities of Tenant."* Subparagraph A.37 of section VII provides that "[t]enant, any member of the Tenant household, a guest, or another person under the Tenant's control shall not engage in or permit: (A) Any drug-related criminal activity occurring on or off Housing Authority premises." A breach of this portion of the lease is grounds for eviction.

In February of 2000, Delores' son, who was then 19 years old and still residing in the unit, was arrested upon leaving the Housing Authority's property for driving on a suspended license. Three bags of marijuana were found in his possession. The Housing Authority subsequently filed an action against Delores in order to terminate her possession of the unit. After a trial, the court entered a judgment in favor of Delores and against the Housing Authority. The court determined that Delores' son acted without her knowledge, consent or participation and that at the time of the incident he was an adult child and not under her control. The Housing Authority appealed.

■ The Housing Authority contends that the trial court erred when it determined that the lease was not violated because Delores'

son acted without her knowledge, consent or participation and because he was not under Delores' control when he committed the drug-related criminal activity. This court reviews the trial court's construction of a lease *de novo. Plambeck v. Greystone Management & Columbia National Trust Co.*, 281 Ill. App. 3d 260, 666 N.E.2d 670 (1996).

■ Title 42 U.S.C.A. § 1437d(l)(6) (West 2001) states as follows: "Each public housing agency shall utilize leases which—

\* \* \*

provide. that any criminal activity that threatens the health, safety, or right to peaceful enjoyment of the premises by other tenants or any drug related criminal activity on or off such premises, engaged in by a public housing tenant, any member of the tenant's household, or any guest or other person under the tenant's control, shall be cause for termination of tenancy[.]''

In *Department of Housing & Urban Development v. Rucker*, 535 U.S. 125, 152 L. Ed. 2d 258, 122 S. Ct. 1230 (2002), the United States Supreme Court unanimously agreed that section 1437d(l)(6) unambiguously requires lease terms that vest local public housing authorities with the discretion to evict tenants for drug-related activity of household members and guests whether or not the tenant knew, or should have known, about the activity. The Court determined that it was reasonable for Congress to permit no-fault evictions in order that residents of assisted low-income housing be provided with a safe environment that is free from illegal drugs. *Rucker*, 535 U.S. at 134, 152 L. Ed. 2d at 269, 122 S. Ct. at 1235. According to the Court, tenants who cannot control drug-related criminal activity by household members are a threat to other residents. *Rucker*, 535 U.S. at 134, 152 L. Ed. 2d at 268-69, 122 S. Ct. at 1235.

■ Based on the Court's decision in *Rucker* and the language provided in the lease, we hold that the trial court erred when it determined that because Delores did not have knowledge of her son's activity or control over his actions she did not violate her lease. The lease is a valid contract. See *Midland Management Co. v. Helgason*, 158 Ill. 2d 98, 630 N.E.2d 836 (1994). By signing the lease, Delores assumed the obligation and responsibility to insure that she and those given access to her unit do not engage in or permit drug-related criminal activity. Because knowledge of the criminal activity was not a prerequisite to eviction, eviction clearly could occur regardless of Delores' lack of knowledge. See *Rucker*, 535 U.S. at 136, 152 L. Ed. 2d at

270, 122 S. Ct. at 1236. Accordingly, the trial court's decision is hereby reversed.[1]

For the foregoing reasons, the judgment of the circuit court of Will County is reversed.

Reversed.

SLATER, J., concurs.

JUSTICE McDADE, specially concurring:

I realize that the United States Supreme Court's unanimous opinion in *Department of Housing and Urban Development v. Rucker*, 535 U.S. 125, 152 L. Ed. 2d 258, 122 S. Ct. 1230 (2002), compels the decision which we announce today and with which I reluctantly concur. I write separately to express my dismay with the Supreme Court's interpretation of the legislation at issue. It is impossible for me to reconcile fundamental principles of fairness and due process with a finding that wholly innocent persons can be punished for the criminal activity of others of which they had no knowledge and over which they had no control.

---

[1]This court's recent decision in *Housing Authority of Joliet v. Keys*, 326 Ill. App. 3d 577, 761 N.E.2d 338 (2001), holding contrary to this opinion was decided before *Rucker* and therefore does not serve as precedent for this case.